ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* WASHUM.

Opinion delivered November 7, 1910.

1.  CARRIERS—LIVE STOCK—SHRINKAGE IN WEIGHT.—Shippers of live stock are entitled to recover for shrinkage in weight only where such shrinkage is due to unreasonable and negligent delay in transportation, and cannot recover because the stock ate less at their destination by reason of having been fed at an intermediate station, as this does not prove that they lost weight on account of delay in transportation. (Page 386.)

2.  SAME—LIVE STOCK—INTERSTATE SHIPMENT—EXPENSES.—Under 34 Stat. at L. 607, providing that in the case of interstate shipments of live stock the time of their confinement, upon the written request of the shipper, separate and apart from the printed bill of lading, may be extended to 36 consecutive hours, if a shipper made such a request

of the carrier, and the cattle could have reached their destination within that time, the carrier had no authority to unload and feed the cattle at a way station and require the shipper to pay the feed bill. (Page 386.)

Appeal from Lawrence Circuit Court, Eastern District; *Charles Coffin,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, Campbell & Suits* and *James H. Stevenson,* for appellant.

1. It is not claimed nor shown that there was an unreasonable delay in shipment; or that the damages claimed resulted from such delay. In the absence of an express contract as to time of transportation, the carrier is held only to transport within a reasonable time by the use of all convenient dispatch. 41 Ark. 476; 2 Hutchinson on Carriers, § § 651-2-3.

2. Under the Federal twenty-eight-hour law, it is the duty of the carrier to give to cattle the required and reasonably necessary food, water and rest. It does not impose upon the carrier, because a release is signed, any undertaking not to unload the cattle for food, etc., when necessary. 34 Stat. L. 607; Fed. Stat. Ann. (Supp.) 43; 79 Tex. 444; 80 Ga. 210; 168 Mass. 257; 145 Ala. 686; 123 Ala. 683; 107 N. W. 1045; 170 Mass. 44; 104 Wis. 646; 12 Tex. Civ. App. 645.

3. There is no evidence upon which the alleged damage can properly be computed. 34 Ark. 318; 73 Ark. 112; 41 Fed. 913.

4. The alleged shrinkage in weight was not a consequence which the appellant might reasonably have anticipated from the feeding and watering at Illmo, even if that had been wrongful. 74 Ark. 358; 21 Mo. App. 273.

5. The owner was liable for the reasonable expense for the feeding, etc., at Illmo. Act Congress, June 29, 1906, § 2; Fed. Stat. Ann. Supp. 44.

*W. A. Cunningham,* for appellee.

Hart, J. This is an action instituted by appellee against appellant to recover damages for an alleged unreasonable delay in the shipment of three cars of cattle from Imboden, Arkansas, to the National Stock Yards at East St. Louis, Illinois. The cattle left Imboden at about 12 o'clock in the daytime, and arrived at Illmo, Missouri, at 6 or 7 o'clock the next morning. There the cattle were unloaded, watered and fed, caus-

ing a delay of about 10 hours. Other cattle that arrived at Illmo on the same train, and which were not unloaded, were sent forward within an hour. The run from Illmo to East St. Louis was from 12 to 16 hours. Before the cattle were shipped, appellee signed what is commonly known as the 36-hour release contract. There were 82 head of cattle in the three cars. Appellee testified that, by reason of the cattle being fed and watered at Illmo, the cattle would not take the "fill" when they arrived at the stock yards. That, as a consequence, when he marketed the cattle, there was a shrinkage in the weight of the 82 head of 25 pounds each, and his loss therefrom amounted to $73.80; that the feed bill at Illmo amounted to $9.

From a judgment rendered in favor of appellee for the sum of $82.50 this appeal is prosecuted.

Appellee makes no claim for damage on account of a fall in the market price of cattle. The only element of damage claimed by him is that alleged to be on account of their loss of weight. The evidence does not show that the loss in weight was on account of the delay in the transportation of the cattle. Appellee does claim, however, that because the cattle were fed and watered at Illmo they would not take the proper amount of "fill" when they arrived at the stock yards, and that in consequence of this there was a shrinkage in their weight. This is not a proper element of damages. The shrinkage in weight must be due to the unreasonable and negligent delay of the carrier in the transportation of the animals. The fact that, because they were fed and watered at Illmo, they would eat and drink less when they arrived at their destination does not establish that they lost in weight on account of delay in transportation.

We are of the opinion, however, that appellee should recover the amount of his feed bill. Counsel for appellant contends that it was the duty of appellant, under the Federal statute, commonly known as the 28-hour act, to have stopped at Illmo and unloaded the cattle in properly-equipped pens for rest, water and feeding for at least five consecutive hours. 34 Stat. L. 607; Fed. Stat. Ann. (Supp.) 43. While section 1 of that act does prohibit railroads engaged in transporting cattle

from one State to another from confining the same in cars for a period longer than 28 consecutive hours, it also provides that upon the written request of the shipper, separate and apart from the printed bill of lading, the time of confinement may be extended to 36 hours. In the present case the undisputed evidence shows that the shipper made such request in compliance with the Federal statute, and that the cattle could and would have reached their destination several hours before the expiration of such time limit, had they not been unloaded at Illmo for the purpose of rest, feeding and water. Hence it will be seen that the cattle were fed at Illmo contrary to appellee's instructions, and he should not have been required to pay the feed bill. The feed bill was wrongfully exacted from him, and he is entitled to recover same.

Judgment will be entered here for the amount, which is $9.

For the reason that there is no evidence to warrant a verdict for damage on account of loss of weight in the cattle, the judgment in that respect will be reversed, and the cause dismissed.

KIRBY, J., dissents.